IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50584
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR ADKISON, also known as
Edgar Adkinson,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. 98-CR-66-2

_____

April 13, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Edgar Adkison appeals his conviction for aiding and abetting the distribution of crack cocaine. He asserts that the district court abused its discretion in permitting the government to introduce as evidence his 1991 conviction for possession of a controlled substance. He argues that the prior conviction was irrelevant and unduly prejudicial.

The district court did not abuse its discretion in admitting the prior conviction since the prior possession offense was similar

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the charged distribution offense and was thus highly probative on the issue of Adkison's knowledge and intent to commit the charged offense.  See United States v. Ponce, 8 F.3d 989, 993-94 (5th Cir. 1993); United States v. Gadison, 8 F.3d 186, 192-93 (5th Cir. 1993).  The fact that the prior conviction happened eight years earlier does not, by itself, warrant exclusion.  See United States v. Chavez, 119 F.3d 342, 346-47 (5th Cir. 1997).  Any potential undue prejudice was minimized by the district court's limiting instructions to the jury.  See, e.g., Ponce, 8 F.3d at 994; Gadison, 8 F.3d at 192.

Adkison also challenges the district court's refusal to permit him to cross-examine Jarvis Ingram, a cooperating government witness, regarding the probation officer's recommendation that Ingram be denied an acceptance of responsibility reduction. Although the district court refused to allow cross-examination regarding the probation officer's recommendation, it permitted defense counsel to cross-examine Ingram regarding the substance of the alleged untruthfulness on which the recommendation was based, i.e., Ingram's denial of involvement in another drug transaction that occurred on July 4, 1998.  Because the subject which the district court excluded from cross-examination would not have given the jury a significantly different impression of Ingram's credibility, the district court did not abuse its discretion by limiting cross-examination of him.  See United States v. Baresh, 790 F.2d 392, 400 (5th Cir. 1986).

A F F I R M E D.